**WEAR ME APPAREL CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, United States Customs Service, Robert E. Chasen, Dennis Snyder, Benjamin Jefferson, Roy Dewing, John Martuge, Defendants.**

Court No. 80–11–00057.

United States Court of International Trade.

March 10, 1981.

Rivkin, Sherman & Levy, New York City (Joseph S. Kaplan, Charles H. Bayar, and Dennis A. Adelson, of counsel), for plaintiff.

Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, New York City (Jerry P. Wiskin, West Orange, N. J., on brief), for defendants.

*On Defendants' Motion to Dismiss*

MALETZ, Judge:

Plaintiff, an importer of children's clothing, brought this action under the Customs Courts Act of 1980 (94 Stat. 1727) contesting Customs' refusal to permit the entry for consumption of merchandise that plaintiff purchased in Taiwan.

The merchandise consists of (1) children's "short sets" which are two-piece top and bottom combinations; and (2) children's trunks. The merchandise is subject to a quantitative textile import quota restriction and must be classifiable under an unfilled quota category in order to be entered for consumption into the United States. In this connection, it appears that quota categories 359 and 659 covering "swimwear" or "other wearing apparel" are unfilled and plaintiff claims that the merchandise is classifiable under those categories. Customs, on the other hand, has indicated that the merchandise is properly classifiable under a filled quota category and thus may not be entered for consumption into the United States.

Some of the merchandise has been imported and entered for consumption, but Customs has demanded its redelivery; some has been imported and entered in a bonded

warehouse, but Customs has informally advised plaintiff that none of that merchandise may be withdrawn for consumption; and some of the merchandise has been imported, but on August 22, 1980 was refused entry by Customs for consumption. The remainder of the merchandise is in transit to the United States or is still in Taiwan.

With respect to the merchandise excluded from entry, plaintiff filed a protest on November 19, 1980 and on November 21, 1980 filed the present action. Subsequently, the protest was denied on December 19, 1980.

With respect to the merchandise which Customs has demanded be redelivered, plaintiff has taken no steps to exhaust its administrative remedies. The remainder of the merchandise has not yet been subject to any official action by Customs.

Against this background, plaintiff seeks an order from the court (1) holding that the merchandise is subject to classification under category 359 or 659 as swimwear or other wearing apparel; (2) holding that even if some or all of the merchandise is subject to classification under a category other than 359 or 659, such a determination should be applied prospectively only and should not apply to entries of that merchandise which was ordered from the manufacturer on or before August 21, 1980; and (3) directing the immediate release of such merchandise.

In addition, plaintiff moved for a preliminary injunction to restrain defendants from preventing the entry for consumption, and from requiring redelivery, of the merchandise. The court per Judge Newman denied this motion 1 CIT ——, Slip Op. 80–13 (Dec. 15, 1980).

Defendants now move to dismiss the action for lack of jurisdiction arguing that since the present action was filed before the protest against the exclusion order of August 22, 1980 was denied, jurisdiction of that phase is lacking. Further, defendants argue that the court lacks jurisdiction of the remainder of the action on the ground that plaintiff has failed to exhaust its administrative remedies.

For the reasons set forth below, the court holds (1) that it has jurisdiction to entertain plaintiff's claims; (2) that it has the power to grant equitable relief; (3) that that portion of the action which contests Customs' exclusion order of August 22, 1980 should not be dismissed; and (4) that the remainder of the action should be dismissed as not ripe for adjudication.

We start by considering plaintiff's claims arising from the merchandise which was excluded from entry by Customs. As previously indicated, plaintiff protested this exclusion but then sued in this court before its protest was denied.

 It is settled that prior to the enactment of the Customs Courts Act of 1980, this court lacked jurisdiction to entertain an action challenging a protest if the action was filed before the protest was denied. See, e. g., *United States v. Reliable Chemical Co.*, 66 CCPA 123, C.A.D. 1232, 605 F.2d 1179 (1979). The passage of the Customs Courts Act of 1980 did not completely eliminate this requirement. Thus, prior denial of a protest is still needed if this court's jurisdiction is invoked under 28 U.S.C. § 1581(a). That section provides that this court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." As the House Committee on the Judiciary stated (H.R. Rep. No. 96–1235, 96th Cong., 2d Sess. 44 (1980), U.S. Code Cong. & Admin. News 1980, 7088, 7114): "Under the Customs Courts Act of 1980, the filing and *denial* of a protest will continue as prerequisites to the commencement of a civil action brought pursuant to proposed section 1581(a)." [Emphasis added.]

 However, section 1581(a) is not the only jurisdictional provision applicable here. Thus, 28 U.S.C. § 1581(i) provides:

\* \* \* the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

\*　　\*　　\*　　\*　　\*　　\*

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

Section 1581(i), as explained by the House Committee on the Judiciary (H.R. Rep. No. 96–1235, *supra* at 47, U.S. Code Cong. and Admin. News 1980, 7117), provides a broad "residual grant of jurisdictional authority * * * to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the district courts and the Court of International Trade * * * [and] makes it clear that all suits of the type specified are properly commenced only in the Court of International Trade."

Given the fact that the claims as to which a protest has been filed directly concern an import quota, these claims obviously arise "out of * * * [a] law * * * providing for * * * quantitative restrictions on the importation of merchandise." In that circumstance, section 1581(i)(3) specifically grants this court jurisdiction to entertain these claims.

Moreover, since these claims involve the "administration and enforcement" of quantitative restrictions, section 1581(i)(4) also provides jurisdiction.

It is important to add that section 1581(i) does not require the filing or denial of a protest as a prerequisite for the exercise of jurisdiction by this court. Therefore, the court has subject matter jurisdiction of plaintiff's claims challenging the exclusion order even though suit was brought prior to the denial of the protest.

■ This does not mean, however, that by invoking the jurisdiction of the court under section 1581(i) the mandate of section 1581(a) requiring the exhaustion of administrative remedies, i. e., the filing and denial of a protest, may thereby be dispensed with. Save in those circumstances where equity requires otherwise, the exhaustion of administrative remedies is necessary. See

H.R. Rep. No. 96–1235, *supra* at 44; S. Rep. No. 96–466, 96th Cong., 1st Sess. 7 (1979). Since such circumstances are not present here, plaintiff's claims challenging the exclusion order would normally have been dismissed inasmuch as the action was filed before the protest was denied. But in view of the fact that plaintiff's protest has already been denied, its administrative remedies have already been exhausted. Consequently, dismissal of this portion of plaintiff's action would be an empty formalism because plaintiff could immediately after dismissal file a new action over which this court would unquestionably have jurisdiction under section 1581(a). However, in the interest of procedural clarity, plaintiff is directed to file within 30 days an amended complaint with respect to those of its claims as to which a protest has been denied.

■ We come next to plaintiff's claims regarding the balance of its merchandise, i. e., the imported merchandise which Customs has demanded be redelivered; the merchandise entered in the bonded warehouse; and the merchandise in transit to the United States or still in Taiwan. Despite their differing status, plaintiff's claims as to all this merchandise once again arise out of both laws providing for quantitative restrictions on importation and laws providing for the administration and enforcement of such restrictions. These claims therefore are also within the jurisdiction of this court by virtue of section 1581(i).

It is further to be observed that not only does this court have subject matter jurisdiction as to all of plaintiff's claims, it also has the power to do equity regarding them by virtue of 28 U.S.C. §§ 1585 and 2643(c)(1) which likewise were provided for in the Customs Courts Act of 1980. Section 1585 specifies that this court "shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." Under this section, it is clear that this court "does possess the same plenary powers as a federal district court." H.R. Rep. No. 96–1235, *supra* at 50, U.S. Code Cong. & Admin. News 1980, 7121.

Added to that, section 2643(c)(1) provides that (with certain exceptions not relevant here), this court "may * * * order any * * form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." As the House Committee on the Judiciary stated (*id.* at 61): "Subsection (c)(1) is a general grant of authority for the Court of International Trade to order any form of relief that it deems appropriate under the circumstances [and] [i]t is the Committee's intent that this authorization be deemed to grant the Court of International Trade remedial powers co-extensive with those of a federal district court." See also, e. g., *Zenith Radio Corporation v. United States*, 1 CIT ——, Slip Op. 80–10 at 7, 505 F.Supp. 216 at 219 (1980); *Sanho Collections, Ltd. v. Chasen, et al.*, 1 CIT ——, Slip Op. 80–2 at 10, 505 F.Supp. 204 at 208 (1980).

■ But even though this court has jurisdiction, this does not mean that dismissal of each of plaintiff's claims is thereby automatically avoided. Thus as to the claims covering the merchandise which Customs has demanded be redelivered, it is significant that such demand was protestable under 19 U.S.C. § 1514(a)(4). Plaintiff, however, filed no protest and has therefore failed to exhaust its administrative remedies. Relevant on this score is 28 U.S.C. § 2637(d) which provides that this court "shall, where appropriate, require the exhaustion of administrative remedies." Relying on this provision, plaintiff argues that the court should not require it to exhaust its administrative remedies on the basis that exhaustion would be futile. But the fact that plaintiff may not succeed in its claim at the administrative level does not justify noncompliance with the statutory scheme enacted by Congress. As the Supreme Court stated in *United States v. Felt & Tarrant Co.*, 283 U.S. 269, 273, 51 S.Ct. 376, 378, 75 L.Ed. 1025 (1931):

The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. It is

the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation. * * *

■ What is more, the requirement of exhaustion would not have been particularly time-consuming in light of the fact that section 174.21(b) of the Customs Regulations (19 C.F.R. § 174.21(b)) requires that any protest relating to an administrative action involving exclusion of merchandise from entry or delivery must be acted on within 30 days after the protest was filed.

In short, plaintiff has failed to show that the exhaustion of administrative remedies should not be required here. Accordingly, that portion of the action covering merchandise which Customs has demanded be redelivered is presently not ripe for adjudication. See *Sanho Collections, Ltd. v. Chasen, et al., supra*, at 207.

We turn next to the merchandise entered in a bonded warehouse which Customs has informally indicated may not be withdrawn for consumption. The record shows that Customs has taken no formal administrative action with respect to that merchandise. Plaintiff, however, can obtain such action merely by attempting to remove the goods. Finally, with respect to the merchandise in transit or still in Taiwan, no action of any kind has been taken by Customs.

It is true that formal agency action is not an invariable requisite for relief. *Northeast Airlines, Inc. v. C.A.B.*, 345 F.2d 662, 664 (1st Cir. 1965); *Isbrandtsen Co. v. United States*, 211 F.2d 51, 55 (D.C.Cir.1954), *cert. denied*, 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 (1954). However, the court should not interfere unnecessarily with administrative determinations that are not yet formalized. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967); *State of New York v. United States*, 568 F.2d 887, 893 (2d Cir. 1977). Given the factual situation here, this latter consideration is particularly applicable. Thus the court concludes that plaintiff's claims regarding the merchandise

which is in the bonded warehouse; which is in transit to the United States; and which is in Taiwan are not ripe for adjudication.

Lastly, plaintiff urges that if the court finds that it is appropriate to require exhaustion of administrative remedies, it should not dismiss the action but rather should retain it and remand it to Customs for further proceedings under a protective order. While 28 U.S.C. § 2643(c)(1) authorizes the court to remand a case, or a portion thereof, there is nothing in the present record to warrant such action.

For the foregoing reasons, defendants' motion to dismiss is (1) denied as to plaintiff's claims involving the merchandise covered by the denied protest and (2) granted as to plaintiff's claims covering the remainder of the merchandise.