**HERAEUS–AMERSIL, INC., (formerly Amersil, Inc.), Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 81–33; Court No. 81–3–00251.**

United States Court of International Trade.

April 24, 1981.

---

Fitch, King & Caffentzis, New York City (Richard C. King and James Caffentzis, New York City, at hearing and on briefs), for plaintiff.

Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, New York City (Sidney N. Weiss, New York City, at hearing and on briefs), for defendant.

772

FORD, Judge:

Plaintiff has invoked the jurisdiction of the court under 28 U.S.C. § 1581(i)(1) and (4) and 28 U.S.C. § 1585 by filing a summons and complaint on March 5, 1981, together with a motion for an order to show cause why a preliminary injunction should not be granted. The order to show cause was granted on March 6, 1981 and the matter was set for hearing on March 12, 1981.

At the hearing two witnesses were called on behalf of plaintiff. Defendant moved to dismiss on the grounds the action fails to state a cause of action upon which relief could be granted. This motion was based upon the Anti-Injunction Act, 26 U.S.C. § 7421(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201, both of which prohibit the issuance of relief when it involves the collection of a tax. Additionally, defendant contended plaintiff had not met its burden of proof for a preliminary injunction. At the conclusion of the hearing defendant moved, under Rule 65(a)(2) to consolidate the hearing with a motion for summary judgment, pursuant to Rule 56(b) of the rules of this court, which provides for defending party to so move notwithstanding an answer to the complaint has not been filed. Plaintiff joined in the motion for summary judgment pursuant to Rule 56(a). The parties were granted additional time to file briefs on the question of summary judgment.

Plaintiff is a substantial importer of merchandise. On December 19, 1980 six entries covering merchandise previously imported were liquidated by the United States Customs Service reflecting increased duties of $73,583.75 determined to be due on liquidation. On January 23, 1981, the regional commissioner's office advised plaintiff by letter that this sum was due and payable upon receipt of the bill (liquidation). The letter further requested plaintiff or his representative to appear at the customhouse and bring payment or proof of payment. Plaintiff was also advised if payment were not made within ten working days from the date of the letter its privilege of delayed payment of estimated duties (ten days from

the release of merchandise) would be denied and thereafter deposit of estimated duties would be required on entry. The affidavit of Remigio Ferrara, Chief, Revenue Branch, Accounting Division, in Washington, D.C., further stated such sums are due even if a protest were filed.

Counsel for plaintiff sought and was granted an extension of time to review the entry papers which were not available for review at that time. After review of the papers counsel for plaintiff determined that increased duties on the value of the merchandise were correct, but not on the classification. On February 13, 1981 plaintiff caused to be paid the sum of $61,333.17 representing the increased duties on the valuation of the merchandise covered by the six entries. On the same date, plaintiff protested the classification of the six entries. Jeffrey Margalit, Deputy Assistant Regional Commissioner, Financial Management Division, Region II, of the United States Customs Service, in his affidavit stated said sum was deposited "strictly for accounting reasons" and was applied to all entries except entry No. 413863, leaving a balance of $12,250.58 outstanding. On February 20, 1981, customs advised plaintiff its privilege of delayed payment of estimated duty was being suspended immediately since the importer was substantially delinquent in the payment of customs bills.

Defendant's motion for consolidation under Rule 65(a)(2) and for summary judgment under Rule 56, in which plaintiff joined, obviates the necessity of deciding plaintiff's motion for a preliminary injunction and defendant's motion to dismiss. Both parties agree there are no material facts in dispute and hence the matter is ripe for summary judgment.

Based upon the facts of record there is no dispute that plaintiff is indebted to the Customs Service in the sum of $12,250.58 as a result of the liquidation of six entries on December 19, 1980.

The issue presented to the court is the time when the increased duties determined to be due on liquidation must be paid to the Customs Service and whether the applica-

bility of the "sanctions" imposed by the Customs Service requiring deposits of estimated duties on entry were proper under the provisions of 19 CFR 142.13(b) and 19 CFR 142.14.

The dispute as to the proper classification of the merchandise, for which a protest has been filed, is not before the court. However, the issue of the proper classification may be brought under 28 U.S.C. § 1581(a) by the filing of a summons within 180 days from the denial of the protest (28 U.S.C. § 2636(a)), the payment of duties (28 U.S.C. § 2637(a)), and payment of a filing fee (28 U.S.C. § 2633(a)).

■ The primary issue as indicated *supra* is the time the duties must be paid. Under the provisions of 28 U.S.C. § 2637(a), an action contesting the denial of a protest may be commenced in this court "only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced * * *." Suffice it to say no such action has been instituted nor has the protest filed been denied or affirmed as of the time of the hearing. The provisions of 28 U.S.C. § 2637(d) cover all other civil actions and require exhaustion of administrative remedies where appropriate. Accordingly, plaintiff is properly before the court under 28 U.S.C. § 1581(i). *Wear Me Apparel Corporation v. United States,* 1 CIT ——, 511 F.Supp. 814 (1981); *Sanho Collections, Limited v. Robert E. Chasen, Commissioner of Customs, et al.,* 1 CIT ——, 505 F.Supp. 204 (1980).

A review of the legislative history of prior statutory provisions is of assistance in placing the present statutory provision in perspective. Under the Tariff Act of 1922, Section 514 provided, in effect, that a liquidation was final unless the importer, consignee, or agent, within 60 days after liquidation, filed a protest and paid the full amount of duties, charges, and exactions ascertained to be due.

The latter portion of the above provision was transferred to Section 515 of the Tariff Act of 1930 and the language was changed to provide as follows:

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

The revision of section 515, *supra,* and the intent of Congress was expressed in House of Representatives Report No. 7 to Accompany H.R.2667 at page 179, as follows:

The language of the present law requires the payment of the full amount of duties, charges, and exactions ascertained to be due, upon the filing of a protest with the collector. *Your committee believes that payment should not be required unless and until the protest goes to the Board of General Appraisers, and the law has been amended accordingly.* The collector has also been given authority to remit the duty if it has not been paid. *It would seem that if he may, as he is authorized to do under existing law,*

*review his own action and reliquidate an entry and refund the excess duty paid, he should be given equal authority to review his action and remit the duty if not paid.* (Emphasis added.)

It is clear from the language utilized above that payment was not required unless and until the protest was forwarded to the Board of General Appraisers (subsequently the United States Customs Court). It is also to be noted that specific authority was given to Customs to *remit* duties which had not been paid.

A further substantive change of law was contained in the Customs Courts Act of 1970, Pub.L. 91–271. Under this act automatic referral of protests to this court was eliminated as well as the separate appraisement and classification procedures. The latter functions were combined and both were the subject of a single protest. Prior procedures required a notice of appraisement to be issued upon appraisement. An importer if dissatisfied could file an appeal for reappraisement and have the issue of appraisement decided by a single judge of the Customs Court sitting in reappraisement. If either side were dissatisfied an application for review could be filed and decided by a three-judge bench. An appeal could then be taken to the Court of Customs and Patent Appeals and finally on a writ of certiorari to the Supreme Court. During this time, the increased duties resulting from appraisement were not required to be paid, since liquidation, which is the finalization of the entry process, could not be accomplished until the value issue was determined.

The elimination of automatic referral of protests was the result of the amendment of 28 U.S.C. § 1582 by the 1970 act which granted jurisdiction to the Customs Court in those actions in which all liquidated duties, charges or exactions had been paid at the time the action is filed. The 1970 act also amended 28 U.S.C. § 2631 and granted 180 days after the denial of the protest within which to initiate an action.

Under section 515(a) (19 U.S.C. § 1515(a)) of the 1970 act, the Customs Service was granted a period of two years to review the protest unless accelerated disposition was requested. The 1970 act for the first time also permitted the Customs Service to review its appraisement, and enlarged the time period for an importer to file a protest from 60 days to 90 days. If the protest were allowed " * * * any duties, charge or exaction found to have been *assessed or collected in excess shall be remitted or refunded * * *.*" (Emphasis supplied.) It is noted the above italicized language, although not in the same sequence as in the 1930 act was continued in the *1970* act.

Reference to the legislative history of the 1970 act, cited by defendant in its "Second Supplemental Brief," regarding the concern of various attorneys who appeared at the hearing about payment of duties related only to reappraisement matters which, as indicated *supra*, were not required under prior acts. A review of the legislative history cited by defendant, and an independent review of such history by the court, fails to disclose any Congressional intent to change the time period for the payment of duties ascertained to be due on liquidation as prescribed by section 505(b) as amended by the 1970 act. The language of section 505 as originally enacted by the Tariff Act of 1930, insofar as collection of duties is concerned, utilizes basically the same language of said section 505(b) as amended, *supra, i. e.,* " * * * collect any increased or additional duties due or refund any excess of duties deposited as determined on liquidation or reliquidation." (1970).

The utilization of the language *remitted* in section 515 of the 1970 act, coupled with the express intent of Congress in first utilizing the term *remit* in the 1930 tariff act, makes clear that the payment of customs duties was not required on liquidation. Congress is presumed not to have used superfluous words in a statute. *Ameliotex, Inc. v. United States,* 65 CCPA 22, C.A.D. 1200, 565 F.2d 674 (1977). Hence the reenactment of section 515 granting the Customs Service the authority to have excess duties remitted indicates the continuing intent of Congress regarding instances where increased duties have not been paid.

As indicated, *supra*, the 1930 act required Customs to transmit forthwith the entry and accompanying papers to the court "if all duties and charges shall be paid." The 1970 act (28 U.S.C. § 1582(c)(2)) provides the court shall not have jurisdiction unless "all liquidated duties, charges or exactions have been paid at the time the action is filed." This comports with the 1930 provision and the court is of the opinion that any liquidated duties, charges or exactions are not due and payable at liquidation, but rather at the time of the filing of the action or at the expiration of the statute of limitations if no action is filed.

The court notes 4 CFR 102.2 requires payment within 30 days from the date of notification. This regulation is not controlling herein since a statutory provision prevails over a regulation. The present procedure of granting 10 days after the 30-day period requiring payment, notwithstanding the fact a protest has been filed, is contrary to law.

The secondary issue concerns the placing of an importer on a "sanction" list pursuant to Customs Regulations 19 CFR 142.13(b) and 19 CFR 142.14. These sections require an importer to file an entry summary together with payment of estimated duties at the time of entry when an "importer is substantially or habitually delinquent in the payment of Customs bills." It is apparent by the holding in the primary issue, that such duties are not now due and owing and the importer is not in default. Hence the application of this regulation is improper and should not be utilized insofar as any sums not paid when a protest has been filed. Plaintiff's cross-motion for summary judgment is, therefore, granted and defendant's motion for summary judgment is denied.

In view of the foregoing decision on the merits, plaintiff's motion for preliminary injunction is denied and defendant's motion to dismiss is denied.

Judgment will be entered accordingly.