BOWMAN TRADING CO., INC., PLAINTIFF *v.* AREA DIRECTOR OF CUSTOMS, J.F.K. INTERNATIONAL AIRPORT, DEFENDANT

Court No. 85–09–01214

(Decided October 4, 1985)

*Richard L. Furman* (*Barry Kaplan*) for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commerical Litigation Branch (*J. Kevin Horgan* and *Velta A. Melnbrencis*) for the defendant.

AQUILINO, *Judge:* The plaintiff importer of wearing apparel from China commenced this action to enjoin the defendant from "all further enforcement [*sic*] of its claim for penalty pursuant to 19 U.S.C. § 1592 pending exhaustion of all administrative and judicial remedies appealing denial of its Freedom of Information Act request", to quote from the complaint. The defendant has moved in response to an application by the plaintiff for an immediate injunction to dismiss the action.

## BACKGROUND

The defendant issued to the plaintiff a prepenalty notice pursuant to 19 U.S.C. § 1592(b)(1) and 19 C.F.R. § 162.77, alleging fraudulent violations of 19 U.S.C. § § 1481, 1484, 1485 and 1592 and 19 C.F.R. § § 141.86 and 143.13. Pursuant to 19 C.F.R. § 162.78, the notice, which is dated June 26, 1985, offers the plaintiff the opportunity to make a written and an oral presentation as to why the Customs Service should not issue a written penalty claim.[1]

The plaintiff has not yet availed itself of this opportunity. On July 23, 1985, counsel obtained an extension of time to respond to the notice until August 26, 1985. Paragraph 4 of the complaint states that the "purpose of the extension was to permit the [plaintiff] to make an Freedom of Information Act ('FOIA') request * * * to obtain documents and information necessary for the defense of the penalty claim." Such a request was made on July 30, 1985 pursuant to 5 U.S.C. § 552 and 19 C.F.R. Part 103.

The request was denied in its entirety on the ground of exemption under 5 U.S.C. § 552(b)(7)(A) ("investigatory records compiled for law enforcement purposes"). Counsel obtained an additional extension of time to respond to the prepenalty notice, and, on September 10, 1985, an appeal was taken from the denial of the FOIA request. The government's position is that its reply to the appeal is due on October 25, 1985.

---

[1] The amount of the proposed monetary penalty is $128,750.

A hearing on plaintiff's application for an injunction was held on September 24, 1985. No evidence was presented in support of the application, and counsel candidly conceded that "there has been nothing unreasonable"[2] on the part of the defendant since issuance of the prepenalty notice. Rather, plaintiff's position is stated to be as follows:

> * * * [T]he due process claim we have is, there is nothing that says that the Freedom of Information Act is available to us, for discovery. There is nothing that says we have a right to discovery in an administrative proceeding, per se.
>
> However, we sought and asked, under the discretion given to the Area Director under 19 C.F.R. 1623, leave to make a discovery request. In his discretion, he granted leave to make that request. We have to assume he understood what was inherent in making such a request—that F.O.I.A. might involve additional time and effort.
>
> It is our position * * * that while they didn't have to give us that right, once they did, it created a due process obligation that permitted the full exercise of that right.[3]

## DISCUSSION

The complaint alleges that this Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(i), although the plaintiff does not point to any case wherein the court has exercised jurisdiction at such an early stage in the administrative process to determine a violation of the Tariff Act. Plaintiff's memorandum of law does cite 28 U.S.C. § 2637(d), but that provision of the Customs Courts Act of 1980 directs the court, in actions brought pursuant to Section 1581(i), among others, to require the exhaustion of administrative remedies where appropriate.

The plaintiff contends that compliance with this direction would not be appropriate herein, relying on *Wear Me Apparel Corp.* v. *United States,* 1 CIT 194, 511 F.Supp. 814 (1981), and *United States Cane Sugar Refiners' Association* v. *Block,* 3 CIT 196, 544 F.Supp. 883 (1982). Neither decision, however, supports plaintiff's position.

In *Wear Me,* only that part of a motion to dismiss was denied as would have amounted to an

> empty formalism because plaintiff could immediately after dismissal file a new action over which this court would unquestionably have jurisdiction under section 1581(a). 1 CIT at 197, 511 F.Supp. at 817.

The remainder of the motion was granted for failure to file timely protests on the ground that the fact that a party "may not succeed in its claim at the administrative level does not justify noncompliance

---

[2] Transcript of hearing on September 24, 1985, p. 12.
[3] *Id.* at 17–18.

with the statutory scheme enacted by Congress"[4], citing *United States* v. *Felt & Tarrant Co.,* 283 U.S. 269 (1931). Further:

> * * * [T]he court should not interfere unnecessarily with administrative determinations that are not yet formalized. 1 CIT at 199, 511 F.Supp. at 818.

Here, of course, issuance of the prepenalty notice is not the formalization of an administrative determination.

In the *Cane Sugar* case, the court concluded that requiring exhaustion of administrative remedies would be "totally unreasonable—indeed, shocking" where that route would have entailed attempting to circumvent the challenged import quota simply to obtain a protestable exclusion under 19 U.S.C. § 1514 for purposes of judicial review. 3 CIT at 201, 544 F.Supp at 887. In essence, the Presidential proclamation at issue gave rise to the kind of unusual circumstances which make it inappropriate to require exhaustion of administrative remedies. Here, the plaintiff does not contend that issuance of the prepenalty notice, however disagreeable it may consider that act to be, is an unusual circumstance, rather that pursuit under the FOIA of relevant information believed to be in defendant's possession is sufficient basis for enjoining the defendant now from taking steps in furtherance of the process of determination of a Tariff Act violation.

The plaintiff relies heavily on *McClelland* v. *Andrus,* 606 F.2d 1278 (D.C.Cir. 1979), but again the reliance is misplaced. In that case, the complaining party first exhausted his administrative remedies over a period of several years. During that time, he attempted (unsuccessfully) to obtain a copy of a report. He then sought judicial review of the administrative action, including discovery of the report. The Court of Appeals decided that the report could not be withheld from discovery on the basis of FOIA, albeit for the reason that the appellant was not a member of the public entitled to rely on the FOIA. Rather, under "traditional discovery doctrines", the Court stated:

> The extent of discovery that a party engaged in an administrative hearing is entitled to is primarily determined by the particular agency * * *.
>
> Some agencies have of their own accord adopted regulations providing for some form of discovery in their proceedings. In addition to being bound by those rules, the agency is bound to ensure that its procedures meet due process requirements. 606 F.2d at 1285–86 (citations and footnotes omitted).

Whether or not the regulations of the Customs Service adopted pursuant to the FOIA, 19 C.F.R. Part 103, are intended to be such rules of discovery[5] and whether or not the plaintiff is a member of

---

[4] 1 CIT at 198, 511 F.Supp. at 818.

[5] *McClelland* compares "regulations similar to the discovery rules of the Federal Rules of Civil Procedure" adopted by the Federal Trade Commission with those that "severely restrict access to discovery" followed by the NLRB. 606 F.2d at 1285, n. 50.

the "public" for purposes of those regulations, this court is not persuaded that those regulations do not meet due process requirements, nor is the plaintiff really arguing otherwise. Indeed, the appropriate forum for judicial review of the application of such regulations is a district court, not this Court of Internatinal Trade. *See* 5 U.S.C. § 552(a)(4)(B).

In *NLRB* v. *Robbins Tire & Rubber Co.,* 437 U.S. 214 (1978), the Supreme Court recited with approval the argument that "FOIA was *not* intended to function as a private discovery tool"[6], referring to *Renegotiation Board* v. *Bannercraft Clothing Co.,* 415 U.S. 1 (1974). The Court went on to note that a party's rights under FOIA are not in any way diminished by its being a litigant, but neither are they enhanced by the party's particular, litigation-generated need. 437 U.S. at 242, n. 23.

In *Bannercraft,* the Supreme Court held that, in a renegotiation case, the contractor is obliged to pursue its administrative remedy, and, when it fails to do so, it may not seek "judicial interference" on the ground of FOIA. 415 U.S. at 20. The decision, however, is limited to the administrative procedures under the Renegotiation Act, with the Court finding it

> unnecessary * * * to decide * * * whether, or under what circumstances, it would be proper for the District Court to exercise jurisdiction to enjoin agency action pending the resolution of an asserted FOIA claim. *Id.*

Plaintiff's memorandum of law in this action cites *S.J. Stile Associates Ltd.* v. *Snyder,* 68 C.C.P.A. 27, C.A.D. 1261, 646 F.2d 522 (1981), for a statement of the requirements for a preliminary injunction, to wit:

> * * * (1) A threat of immediate irreparable harm; (2) that the public interest would be better served by issuing than by denying the injunction; (3) a likelihood of success on the merits; and (4) that the balance of hardship on the parties favor[s the applicant]. 68 CCPA at 30, 646 F.2d at 525.

The memorandum recognizes that the plaintiff has "the difficult burden of showing through the four factors"[7] that it is entitled to such extraordinary relief.

The plaintiff must prove that each of the four requirements is met in its favor. *E.g., S.J. Stile Associates, Ltd.* v. *Snyder,* 68 CCPA at 30, 646 F.2d at 522; *National Corn Growers Association* v. *Baker,* 9 CIT 468 (1985). Here, the plaintiff has not met its burden on any of the grounds. Most importantly, this court is not persuaded that failure to enjoin the defendant will result in injury to the plaintiff of an irreparable nature. On the one hand, the court cannot accept the argument that only extraordinary intervention on its part now will permit the plaintiff full exercise of whatever rights it may have

---

[6] 437 U.S. at 242 (emphasis in original).
[7] Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction, p. 19.

under the FOIA. On the other hand, the facts and circumstances of the customs entries at issue are, or should be, sufficiently within the knowledge of the plaintiff and its counsel to make the kind of presentation provided for by 19 C.F.R. § 162.78. Stated another way, there was no showing at the hearing that the plaintiff, absent information received via the FOIA, is incapable of specifying reasons why it believes the proposed claim should not be issued or, if issued, why it should not be in a lesser amount than proposed. Of course, if the defendant were to disagree, the administrative process would continue, with judicial review, including full discovery, possibly necessary thereafter.

In reality, the extraordinary relief sought herein is not a preliminary injunction as such, but rather an immediate injunction against the penalty-determination process for the duration of the FOIA proceedings. No doubt, from plaintiff's perspective, it is desirable to hold the defendant in abeyance for this indeterminate period of time. However, more than pure legal argument is necessary to achieve the desired relief.

The defendant has moved to dismiss the action. Since the plaintiff has not shown that it is entitled to the requested relief, the defendant's motion must be granted. There is no just reason for delay in the entry of judgment of dismissal, and the Clerk is therefore instructed to enter the judgment attached hereto.

So ordered.