621 F.Supp. 365 (1985)
CAMPUS SPORTSWEAR COMPANY, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 85-1255C(1).
United States District Court, E.D. Missouri, E.D.
October 30, 1985.
James K. Pendleton, St. Louis, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff imported merchandise, described by plaintiff as boys' swimsuits, into the United States. Pursuant to 19 U.S.C. § 1623 (1982), plaintiff filed a bond obligating plaintiff to comply with all customs regulations. The Customs Service disagreed with plaintiff's description and categorized the merchandise as shorts under the Tariff Schedules. Consequently, the Customs Service demanded redelivery of the clothing and, when plaintiff failed to comply, assessed a penalty of over $34,000.00 against plaintiff. Plaintiff paid the assessment. In this action, plaintiff alleges improper classification and sues to recover the assessment.
If jurisdiction is challenged, the party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); see also, Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir.1982). In this case, plaintiff bears that burden.
Plaintiff alleges jurisdiction under 28 U.S.C. § 1355 (1982).[1] As defendant argues, since 28 U.S.C. § 1582(2) (1982) grants the Court of International Trade exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States to recover upon a bond relating to the importation of merchandise required by the laws of the United States, this Court lacks jurisdiction. The Government asserts that if plaintiff had protested the claim and not paid the assessment, the Government could have sought to collect the money in the Court of International Trade under the exclusive jurisdiction granted by 28 U.S.C. § 1582(2). The plaintiff, the Government contends, should not be allowed to circumvent this jurisdictional scheme by paying the assessment and suing in district court. This Court agrees with the result advocated *366 by the Government but disagrees with its analysis.
One of the primary objectives of the Customs Court Act of 1980, Pub.L. No. 96-417, 94 Stat. 1727 (codified in scattered sections of 19, 28 U.S.C.) (hereinafter cited as the Act), was to resolve conflicts and confusion arising from the division of jurisdiction between the Customs Court and the United States District Courts. Recent Developments, International Trade: United States Court of International Trade  Customs Courts Act of 1980, 22 Harv.Int'l. L.J. 480 (1981). The Act renamed the Customs Court the Court of International Trade, 28 U.S.C. § 251 (1982), and provided the new court with exclusive jurisdiction over any civil action against the United States arising out of the federal statutes governing import transactions. 28 U.S.C. § 1581 (1982). Specifically, the Act grants the Court of International Trade exclusive jurisdiction over disputes which deal with the classification of imported merchandise. 28 U.S.C. § 1581(a). See generally, Re, Litigation Before the United States Court of International Trade, 26 N.Y.L.Sch.L. Rev. 437, 444 (1981). In addition, the Court of International Trade is given exclusive jurisdiction to fashion equitable relief in appropriate circumstances. 28 U.S.C. § 1581(i).
Here, plaintiff disputes the classification of imported clothing. Thus, under § 1581(a) or § 1581(i) the Court of International Trade has exclusive jurisdiction over this action. See, Lowa, Ltd. v. United States, 561 F.Supp. 441, 447 (C.I.T.1983) (Re, J.); Wear Me Apparel Corp. v. United States, 511 F.Supp. 814 (C.I.T.1981).[2] Accordingly, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.
NOTES
[1] 28 U.S.C. § 1355 provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."
[2] Modern authority holds the view that § 1355 extends only to suits by a public officer to recover a sum of money that will be paid into the public treasury. See, 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3578 (1984). The Customs Court Act amended § 1355 and excluded from it matters within the jurisdiction of the Court of International Trade under § 1582, which, of course, pertains to suits brought by the United States. This new scheme provides jurisdiction for all cases brought by the United States to recover penalties  § 1582 for customs matters, § 1355 for all other matters. The symmetry of this scheme reinforces the view that § 1355 does not grant jurisdiction to private litigants for recovery of money. However, since this Court finds exclusive jurisdiction over this action lies with the Court of International Trade, this Court need not determine the reach of 28 U.S.C. § 1355.