Andrew R. McCARTHY d/b/a Long Beach Classic Imports, Plaintiff,

v.

John H. HEINRICH, District Director of Customs, Los Angeles, and the United States of America, Defendants.

Court No. 87–03–00553.

United States Court of International Trade.

Nov. 2, 1987.

Stein Shostak Shostak & O'Hara, Joseph P. Cox, Los Angeles, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div. Dept. of Justice (Platte B. Moring, III), Washington, D.C. for defendants.

DiCARLO, Judge:

Plaintiff challenges the seizure and summary forfeiture of certain motor vehicles by the United States Customs Service (Customs). Defendants move pursuant to Rule 56 of the rules of this Court for summary judgment and ask the Court to dismiss plaintiff's action for lack of jurisdiction. The Court finds that it does not have jurisdiction and dismisses the action.

Customs seized 10 of the 24 motor vehicles at issue in November, 1984 pursuant to 19 U.S.C. § 1592 (1982) and 18 U.S.C. § 545 (1982). Customs then seized the remaining 14 motor vehicles in September, 1985 under the same statutory sections. All 24 motor vehicles were summarily forfeited to the United States between June and December 1986.

While plaintiff is not the importer of record, he asserts that he is a party-in-interest to all the vehicles within the meaning of 19 U.S.C. §§ 1607 and 1618 (Supp. III 1985). He claims that Customs denied him his right to notice of seizure and disposition provided by section 1607 and his right to mitigation consideration provided by section 1618 because Customs did not give him proper notice of the 10 seizures in 1984, any notice of the 14 seizures in 1985, or any notice of the 24 summary forfeitures which he says were made pursuant to 19 U.S.C. § 1592 rather than 18 U.S.C. § 545 as claimed by defendant.

Plaintiff argues this Court has jurisdiction under 19 U.S.C. § 1592(e) (1982) and 28 U.S.C. § 1581(i) (1982) to hear his challenge to the propriety of Custom's seizure and summary forfeiture of the 24 motor vehicles.

■ Subsection (e) of 19 U.S.C. § 1592, however, is not a jurisdictional provision. That subsection sets out the applicable procedure to be followed in an action the United States commences in this Court pursuant to 28 U.S.C. § 1582 (Supp. III 1985) to recover any monetary penalty claimed under 19 U.S.C. § 1592. 28 U.S.C. § 1582 is the jurisdictional provision permitting this Court to entertain an action under 19 U.S. C. § 1592 and the procedure outlined in subsection (e) becomes operative only after the United States commences that action. Since the United States has not commenced such an action, this Court does not have jurisdiction under 28 U.S.C. § 1582.

■ Nor does this Court have jurisdiction under 28 U.S.C. § 1581(i), which provides:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out

of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)-(h) of this section.

The Court finds the challenge raised by plaintiff regarding the propriety of Custom's seizure and summary forfeiture of the 24 motor vehicles does not fall within paragraphs (1)–(3) of subsection (i) nor is it part of the administration or enforcement of matters referred to in such paragraphs or in subsections (a)-(h) of 28 U.S.C. § 1581 (1982 & Supp. III 1985).

Plaintiff's reliance on *Wear Me Apparel Corp. v. United States,* 1 CIT 194, 511 F.Supp. 814 (1981) is misplaced since in that case the court found plaintiff's challenge therein involved quantitative restrictions (a quota) governed by paragraphs (3) and (4) of 28 U.S.C. § 1581(i). Plaintiff in this action does not present such a challenge nor does his challenge fall within the other paragraphs and subsections referred to in subsection (i) of 28 U.S.C. § 1581 which give jurisdiction to this Court.

Plaintiff's challenge to the propriety of the seizure and summary forfeiture of the 24 motor vehicles may present a cause of action within the jurisdiction of the district court. 28 U.S.C. § 1355 (1982) provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

Similarly, 28 U.S.C. § 1356 (1982) provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

Plaintiff's action is not a matter "within the jurisdiction of the Court of International Trade under Section 1582" of Title 28 within the meaning of 28 U.S.C. §§ 1355 or 1356.

Since this Court does not have jurisdiction under either 19 U.S.C. § 1592(e) or 28 U.S.C. § 1581(i) as claimed by plaintiff, or under 28 U.S.C. § 1582, the action is dismissed. So ordered.