**PAGODA TRADING CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 83–11–01682.**

United States Court of
International Trade.

Dec. 15, 1983.

a hearing on preliminary matters in Slip Opinion 82–129 (December 7, 1983). The short, but active, history of this action is set out in that opinion.

The Court considered all the papers filed, including plaintiff's opposition to the motion to dismiss, and oral argument was held on December 14, 1983. At the conclusion of oral argument the Court granted defendant's motion to dismiss. This opinion is issued to explain the dismissal in detail.

■ Defendant's first, and dispositive argument against jurisdiction, was that the administrative action challenged by plaintiff was not the "ruling" for the review of which prior to importation, 28 U.S.C. § 1581(h) [1] was designed.

The pronouncement in question, contained in T.D. 83–116 (48 Fed.Reg. 22,904) was published by the Secretary of the Treasury on May 23, 1983. It expressed guidelines for the classification of footwear. In particular, it contained a section devoted to guidelines "set forth as an aid to Customs officers in classifying specific footwear constructed with foxing." (48 Fed.Reg. 22,910)

The administrative decision complained of did not rule specifically on the merchandise which plaintiff intends to import. It is the opinion of the Court that judicial review in advance of importation was not intended for an instance when the merchandise in question and its classification still remain in an indefinite state. The expectation that a general administrative ruling will be applied in a particular case is not sufficient to create a ripe dispute in this area. The law envisions a classification dispute moved back in time prior to importation. But this is not possible if the classification decision

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, John J. Mahon, Dept. of Justice, New York City, for defendant.

Rode & Qualey, New York City (Michael S. O'Rourke and Patrick D. Gill, New York City, of counsel), for plaintiff.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

WATSON, Judge:

Defendant moved to dismiss plaintiff's action for declaratory judgment on the ground of lack of jurisdiction. The motion was interposed following plaintiff's attempt to obtain expedited treatment for the action and following the Court's setting of

---

**1.** Subsection (h) of section 1581 provides:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of *the goods involved,* a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, draw-backs, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates

to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation. [emphasis supplied]

It should be noted that Subsection (h) must be read in conjunction with 28 U.S.C. § 2643(4) which reads as follows:

In any civil action described in section 1581(h) of this title, the Court of International Trade may only order the appropriate declaratory relief.

and the identity of the affected merchandise are not fully materialized.

The defect in this action can be characterized in a number of ways—as a lack of ripeness, as a failure to exhaust administrative remedies or, most specifically, as the absence of the sort of ruling for which § 1581(h) was intended.

██ The cause of action under § 1581(h) was not created to allow judicial review of general interpretive rulings issued by the Secretary of the Treasury whenever there is a likelihood of an effect on importations. The Court reads the language of the law as speaking to rulings which determine the fate of specific importations of specific goods. The Court also reads the legislative history as speaking to specific contemplated import transactions which contain identifiable merchandise and which will feel the impact of the ruling with virtual certainty. H.Rep. No. 96–1235, 96th Cong., 2d Sess. 46, 47 (1980), U.S.Code Cong. & Admin. News 1980, pp. 3729, 3758.[2]

The presence of additional issues in this action regarding whether the ruling will actually be applied and what exactly the affected articles will be, is a good indication that what plaintiff is attempting is not simply an action in which a judgment on the correctness of classification is being moved back in time.

Here the Court cannot presume that this ruling will apply to particular merchandise even though importers may, in good faith, believe that to be inevitable. The Court cannot engage in a preliminary determination that merchandise will be classified in accordance with the ruling. That remains a function of the Customs Service. The necessity for the Court to consider these possibilities demonstrates the immaturity of the dispute from a judicial standpoint.

In dealing with the substance of a classification dispute, the Court should have to reach only the correctness of the classification, whether it is hearing the case before or after importation. A challenge to an administrative decision which does not allow the Court to limit its concentration to the correctness of a decision made as to a specific set of circumstances is not a challenge to a ruling within the contemplation of § 1581(h). It challenges a less concrete administrative decision which is not ready for judicial review within the existing statutory framework.

2. The legislative history reads as follows:

Subsection (h) of proposed section 1581 is also a new grant of subject matter jurisdiction to the Court of International Trade. It provides that the court may review, "prior to the importation of the goods involved," a ruling or a refusal to issue or change a ruling by the Secretary of the Treasury regarding such issues as the classification, valuation, or rate of duty of those goods. At present, judicial review of a ruling can be obtained only by completing an import transaction in accordance with the ruling and then proceeding to obtain judicial review in the usual manner, that is filing a protest, paying the duties and contesting the denial of the protest.

The Committee recognizes that in certain instances a person can be injured if he is unable to obtain judicial review of a ruling by the Secretary of the Treasury unless and until the contemplated transaction is completed, the duties are paid and a suit is commenced in the Customs Court. Thus, it may be appropriate in limited circumstances to permit judicial review prior to the completion of the transaction or payment of the duties. Many of the witnesses who testified before the Subcommittee agreed, including the Departments of Justice and the Treasury.

The time-honored rule is that the court does not possess jurisdiction to review a ruling or a refusal to issue or change a ruling by the Secretary of the Treasury unless it relates to a subject matter presently within the jurisdiction of the United States Customs Court, for example, an action brought pursuant to section 515 of the Tariff Act of 1930. The Committee intends a very narrow and limited exception to that rule. *The word "ruling" is defined to apply to a determination by the Secretary of the Treasury as to the manner in which it will treat the contemplated transaction.* In determining the scope of the definition of a "ruling," the Committee does not intend to include "internal advice" or a request for "further review," both of which relate to completed import transactions.

It is not the Committee's intent to permit judicial review prior to the completion of the import transaction in such a manner as to negate the traditional method of obtaining judicial review of import transactions. Many individuals will, of course, desire to obtain judicial review without the payment of duties. Such review, however, is exceptional and is authorized only when the requirements of subsection (h) are met. [emphasis supplied]

For these reasons defendant's motion to dismiss for lack of jurisdiction is GRANTED.