ASSOCIATION OF FOOD INDUSTRIES, INC., (PISTACHIO GROUP), Zenobia Company, J.F. Braun and Sons, Inc., American Pistachio Corporation, Setton International Food, Inc., Ace Pecan Company, John B. Sanfillippio and Sons Company, Inc., Plaintiffs,

v.

William VON RAAB, Commissioner, United States Custom Service, Defendant,

and

California Pistachio Commission, et al., Defendant-Intervenors.

Court No. 85-11-01578.

United States Court of International Trade.

Dec. 17, 1985.

Olsson and Frank, P.C., (Richard L. Frank, and David F. Weeda, Washington, D.C., on brief), for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Platte B. Moring, III, Washington, D.C., for defendant.

Busby, Rehm & Leonard P.C., (Will E. Leonard, Jonathan Hemenway Glazier and Munford Page Hall, II, Washington, D.C., on brief), for defendant-intervenors.

### MEMORANDUM OPINION AND ORDER

WATSON, Judge:

The plaintiff importers and processors of pistachio nuts brought this action for declaratory and injunctive relief against a ruling of the Customs Service, the effect of which would be that the containers of pistachio nuts which they sell must be marked to show the country of origin of the nuts.

The ruling in question, T.D. 85–158, was published on September 18, 1985 (50 Fed. Reg. 37842) and determined that roasting and other treatment of imported pistachio

nuts did not result in their substantial transformation. Substantial transformation is the standard used by the Customs Service to determine whether articles are exempt from the general requirement of Section 304 of the Tariff Act of 1930, as amended, (19 U.S.C. § 1304) that all articles of foreign origin be marked to indicate the country of origin.

The effective date of the ruling in question was postponed for two months and is now scheduled to go into effect on December 18, 1985 (50 Fed.Reg. 42683, October 22, 1985). Further postponement of the effective date was denied by the Commissioner of Customs on November 8, 1985.

On November 12, 1985, plaintiffs commenced this action, which, together with the government's cross-motion to dismiss, has been given an expedited schedule of briefing. A hearing on all pending matters was held on December 12, 1985.

As a result, the court has determined that the action does not satisfy the jurisdictional requirements of 28 U.S.C. § 1581(h), the only jurisdictional basis available to plaintiffs for judicial review prior to the importation of the affected articles.

The provision of 28 U.S.C. § 1581(h) reads as follows:

"(h) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation."

The action described in 28 U.S.C. § 1581(h) is also controlled by the terms of 28 U.S.C. §§ 2639(b) and 2643(c)(4) which read as follows:

28 U.S.C. § 2639

.    .    .    .    .

(b) In any civil action described in section 1581(h) of this title, the person commencing the action shall have the burden of making the demonstration required by such section by clear and convincing evidence.

28 U.S.C. § 2643(c)

\*    \*    \*    \*    \*    \*

(4) In any civil action described in section 1581(h) of this title, the Court of International Trade may only order the appropriate declaratory relief.

It is clear that this dispute centers on the consequences of a ruling, the effect of which is sufficiently certain to represent a genuine legal dispute. This disposes of the government's argument that the matter is not yet sufficiently related to a specific import transaction to obtain jurisdiction under subsection (h). In this case, the consequences of the ruling will be felt by all importations of pistachios made after December 18, 1985.

On the question of the ripeness of the dispute, the case of *Pagoda Trading Co. v. United States*, 6 CIT ——, 577 F.Supp. 22 (1983) is easily distinguished. In that unsuccessful attempt to obtain pre-importation judicial review, it was not clear that the classification ruling involved would apply to the articles which plaintiff was going to import. Here there is no such doubt; the legal dispute is sufficiently concrete, and it is the failure to show irreparable harm which is the impediment to jurisdiction.

■ The general appropriateness of 28 U.S.C. § 1581(h) also disposes of plaintiffs' attempt to assert an alternative jurisdictional basis under 28 U.S.C. § 1581(i), the residual jurisdiction of this court. It is plain that an action designed to obtain judicial review of a ruling prior to importation cannot avoid the special provision of § 1581(h) by stating a cause of action under the court's residual jurisdiction. No claimant would willingly choose the strictures of 1581(h) if they could be avoided by bringing the action under 1581(i), and the former provision would become a dead letter. See generally, *United States v. Uni-*

*royal, Inc.,* 69 CCPA 179, 687 F.2d 467 (1982).

■ The fact remains that for those who consider themselves sufficiently aggrieved by rulings to seek judicial review prior to importation of the articles involved, 28 U.S.C. § 1581(h) is the proper jurisdictional vehicle. The question then becomes whether the harm of the ruling is sufficient to justify an exception to the normal post-importation procedures for obtaining relief.

In this action the harm is alleged to be the cost of conforming to the country-of-origin labeling requirements. The court has carefully examined the affidavits submitted by the parties on this point. It is the considered judgment of the court that the costs of conforming to the ruling have not been shown to be of such magnitude as to constitute a clear threat to the profitable continuation of a prudently operated business. The court has not been persuaded that the use of adhesive labels to add the country of origin is an unacceptable or impractical interim measure. This method would allow the use of current label inventories until they are depleted.

In any event, even the prospect of having to print completely new labels, was not sufficiently connected to injury to the overall financial health of the plaintiffs to demonstrate the requisite harm.

In sum, the court has not been persuaded that the normal post-importation methods of obtaining judicial relief will be inadequate to deal with the grievances raised by plaintiffs.

For these reasons the court decides to grant the government's cross-motion to dismiss the action.

In this disposition of the action, the court does not reach the merits of plaintiffs' claims that the ruling was contrary to law, arbitrary, capricious and discriminatory.

For the reasons given above it is hereby

ORDERED that defendant's motion to dismiss be, and the same hereby is, granted.