B.F. GOODRICH CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 90–05–00228

(Dated June 9, 1993)

*Thompson, Hine and Flory, (Lewe B. Martin, Peter A. Greene* and *John C. Steinbeyer)* for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Carla Garcia-Benitez* and *John J. Mahon)* for defendant.

OPINION

MUSGRAVE, *Judge:* On November 3, 1992, counsel for Customs submitted a letter to which was attached a General Notice published in Customs Bulletin & Decisions, Vol. 26, No. 43 (October 21 1992) describing the steps Customs has taken to comply with this Court's judgment. Plaintiff was refunded its drawback claims but asserts that Customs did not comply with the Court's judgment. *See B.F. Goodrich Co. v. United States,* 16 CIT 333, 794 F. Supp. 1148 (1992), *as amended,* 16 CIT 455, 794 F. Supp. 1148 (1992).

Defendant argues that since the plaintiff has conceded that it is content with its refund, there is no longer any case or controversy before the Court and the matter should be dismissed. "If the validity of the regulation is to be challenged, it must be done in the context of a civil action brought by a plaintiff that has been directly affected by the regulation and thereby has the requisite standing to challenge its application in a

case where an actual case or controversy is before the court for adjudication. *Letter from Dep't of Justice, dated Dec. 10, 1992,* at 2, citing *Pagoda Trading Co. v. United States,* 6 CIT 296, 298, 577 F. Supp. 22 (1983).

Plaintiff agrees that Customs has complied with its obligation under paragraph 3 of this Court's Judgment Order Slip Op. 92–67, as amended Slip Op. 92–87, by refunding to Goodrich with interest monies improperly withheld and plaintiff has expressed an intent *not* to pursue this action any further in a formal manner. Plaintiff asserts, however, that Customs promulgated a new regulation in place of the regulation held invalid by this Court that is even more restrictive and insidious than the last one.

Paragraph 3 of the General Notice provides that no claimant may receive substitution same condition ("SSC") drawback unless the claimant is the *same person* who actually paid the duty on the imported merchandise. Because the duty may only be paid by the importer or his agent, the General Notice actually requires that the drawback claimant and the importer (viz, the owner) be the same person. *Plaintiff's Response to Defendant's Post-Judgment Report* at 2, *citing General Notice* at 2, para. 1(b)(3). Where this Court has ordered Customs not to require *possession* of the imported goods, Customs now requires *ownership* of the imported goods. *Id.*

Plaintiff claims that Customs' attempt to require *ownership* of the imported goods as a precondition for SSC drawback is contrary to the Court's holding in this action and in *Central Soya v. United States,* 761 F. Supp. 133 (CIT 1991), *aff'd,* 953 F.2d 630 (Fed. Cir. 1992) (interpreting 19 U.S.C. § 1313(j)(2) and accompanying legislative history), and Custom's long-standing procedure for transferring the right to claim drawback (by the use of certificates of delivery). *See Plaintiff's Response* at 3–7 & n.3.

Second, Plaintiff claims that contrary to the order of this Court, Customs has not fully abandoned 19 U.S.C. § 191.141(h). Paragraph 5 of the Judgment Order, as amended, provides that "the Customs regulation codified at 19 C.F.R. § 191.141(h) was promulgated without public notice and comment as required by the Administrative Procedure Act, 5 U.S.C. § 553m, and without any reasoned explanation for its adoption, and shall have no force or effect unless the procedures outlined in 5 U.S.C. § 553 *et seq.* are followed." Nonetheless, Paragraph 1(b) of Customs' General Notice continues to enforce portions of the invalid regulation by providing only that "section 191.141(h) * * * [is] no longer applicable [but only] insofar as [it] require[s] that the claimant must possess imported duty-paid merchandise."

This Court has held in earlier proceedings that "Customs must * * * comply with the APA notice and comment procedures until a new regulation is promulgated. Until such procedures are complied with, 19 U.S.C. § 191.141(h) is suspended and shall have no force or effect, although Customs shall not use the invalidation of the regulation as an excuse to refuse drawback to otherwise qualified claimants. Until a new

rule is promulgated, Customs shall allow drawback claims based solely on the language of 19 U.S.C. § 1313(j)(2), and case law interpreting it." *B.F. Goodrich Co. v. United States,* 16 CIT 333, 794 F. Supp. 1148 (1992).

This Court now holds that until the parties have complied with the Court's remand instructions, the Court retains jurisdiction over the case. The Court notes moreover, that "it always has jurisdiction with respect to the effect of its judgments * * *." *Holmes Products Corp. and Esteem Industries, LTD v. United States,* 17 CIT 356, 822 F. Supp. 754 (1993).

The Court has instructed Customs that it may not create drawback eligibility requirements in addition to those specified by Congress, specifically by 19 U.S.C. § 1313(j)(2). *See B.F. Goodrich Co. v. United States,* Slip Op. 92–68 at 6. This Court has further held that the only statutory qualification for making a drawback claim is that the duty was paid on the imported merchandise. *See id.* at 7; *See also* 19 U.S.C. § 1313(j)(2); *Madison Galleries, Ltd. v. United States,* 7 Fed. Cir. (T) 56, 60, 870 F.2d 627, 631 (1989). The Court trusts that Customs will be mindful of the Court's instructions not to create such additional requirements in its regulation.

While the Court does not presume to intrude into the drafting of regulations by the Customs Service, neither does it intend to allow its decisions to be disregarded, circumvented or evaded. Inasmuch as there appears to exist a possibility of misinterpretation of the Court's decision and order in Slip Op. 92–68, the Court invites the parties to that case to submit, as requested by the government, comments concerning compliance with the Court's decision and order in Slip Op. 92–68. Such comments must be received by the Court not later than July 16, 1993.