### DETROIT ZOOLOGICAL SOCIETY, Plaintiff,

v.

### The UNITED STATES, Defendant.

**Court No. 85–2–00275.**

United States Court of International Trade.

Oct. 14, 1986.

Edmund Maciorowski, Detroit, Mich., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Kenneth N. Wolf, Civil Div., U.S. Dept. of Justice, New York City, for defendant.

### OPINION

RESTANI, Judge:

This matter is before the court on plaintiff's motion to amend and supplement complaint and defendant's motion to dismiss.

The facts are as follows. Plaintiff filed suit on February 18, 1985 challenging the rate of duty which it was required to assert upon entry of certain locomotives and

coaches for a "zoo train." Plaintiff claimed that the entries were deemed "liquidated" pursuant to 19 U.S.C. § 1504(a) (1982 & West Supp.1986) (deemed liquidation if no liquidation within, *inter alia,* one year of entry). Jurisdiction was asserted, *inter alia,* under 28 U.S.C. § 1581(i) (1982), the residual jurisdictional provision of this court. Plaintiff later sought to amend its complaint to allege jurisdiction under 28 U.S.C. § 1581(a) (1982) (challenge to denial of protest of liquidation decision). In *Detroit Zoological Society v. United States,* 10 CIT ——, 630 F.Supp. 1350 (1986), this court ruled that 28 U.S.C. § 1581(a) was the only potential basis of jurisdiction and allowed plaintiff the opportunity to conduct discovery to establish the requisite jurisdictional facts. The parties continue to disagree about whether deemed liquidation had occurred before plaintiff's original protests, but it has been established that every protest denial at issue occurred after filing of the original suit.

Plaintiff asserts that even if liquidation by operation of law did not occur before suit was filed, it should be permitted to amend and supplement its complaint to allege the new liquidations, subsequent protests and denials of protests which have now occurred. Defendant argues that the granting of such a motion would expand the court's jurisdiction beyond that allowed by Congress.

Denial of protest is clearly a prerequisite to suit under 28 U.S.C. § 1581(a), but in at least one case before this court a plaintiff was allowed to continue suit under section 1581(a) where denial of protest occurred after the complaint was filed. Dismissal of suit would have been "an empty formalism." *Wear Me Apparel v. United States,* 1 CIT 194, 197, 511 F.Supp. 814, 817 (1981). Likewise in *Matthews v. Diaz,* 426 U.S. 67, 72–73, 96 S.Ct. 1883, 1887–88, 48 L.Ed.2d 478 (1976) a non-waivable jurisdictional requirement of administrative presentment of claim was satisfied by steps taken after the applicant joined a class action. In neither of these cases, however, was there a discussion of any prejudice to the defendant, and the *Wear Me Apparel* court

strongly implied there was none in that case.

On the other hand, where the addition of parties is necessary to confer federal jurisdiction, various cases indicate that in order to avoid the improper exercise of subject matter jurisdiction, the case should be dismissed or treated as a new suit commencing with the service of a new summons. *See Pressroom Unions—Printers League Income Fund v. Continental Assurance Co.,* 700 F.2d 889, 893–94 n. 9 (2nd Cir.), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). In a case somewhat more analogous to the one at hand, *Church of Scientology of Colorado v. United States,* 499 F.Supp. 1085, 1088 (D.Colo. 1980), the court did not allow amendment to assert the jurisdictional requirement of payment of disputed taxes where full payment had occurred after suit was filed. Both of these cases indicate that 28 U.S.C. § 1653 (1982) is intended to permit amendment of complaints for the assertion of jurisdictional facts which existed at the time of suit, but were not asserted in the original complaint. Defendant argues that amendments under Rule 15 to correct jurisdictional allegations may not go beyond what is permitted by section 1653. As the *Pressroom* case implies, however, a supplemented complaint which, in essence, commences a new suit, that is, which does not relate back to the original complaint must be analyzed on another basis. Such a supplement does not have substantive effects, and is merely a matter of procedural efficiency. *See, e.g., Hackner v. Guaranty Trust Co. of New York,* 117 F.2d 95 (2nd Cir.), *cert. denied,* 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941) (proper plaintiff allowed to continue suit originally commenced improperly.)

The interrelationship of Rule 15, 28 U.S.C. § 1653, the joinder rules, and the statutes conferring federal subject matter jurisdiction need not be discussed fully here. Most of the cases explaining these interrelationships arise in diversity cases or concern the applicable statute of limitations and shed little light on this case. Whatev-

er the result of harmonizing these authorities, Rule 15(d) has its own limits, which also must be applied. That is, a supplement must be "upon such terms as are just." Thus, the court must examine the potential consequences of a supplemented complaint.

As indicated, the plaintiff does not seek to save its suit from running of the statute of limitations by relating the supplement back to the original complaint. Plaintiff has time to bring an entirely new suit. Furthermore, there is a question as to whether relation back under Rule 15(c) applies to supplements under Rule 15(d). The better rule would seem to be that it does. *See* 6 Wright and Miller, *Federal Practice and Procedure* § 1508 (1971). Nonetheless, there is no indication that relation back is mandated if the phrase "upon such terms as are just" in Rule 15(d) compels a different result.

The court does have discretion to dismiss this action. Such dismissal, however, would cause delays—inconveniencing the parties and the court. Plaintiff would also be required to pay a new filing fee, draw up new papers, and under 28 U.S.C. § 2644 (1982) could only obtain interest calculated from the date of its summons in the new action, if it prevailed. On the other hand, a supplemented complaint which was permitted to relate back might require any interest on excess duties collected to be calculated from a date prior to the time plaintiff was permitted to file suit under the applicable statute.[1] The imposition of interest on this basis would prejudice defendant.

The court does not wish to penalize plaintiff for filing a motion to supplement and amend its complaint rather than a new action. As stated in *Hackner v. Guaranty Trust*, 117 F.2d at 98, "there is no particular magic in the way [a suit] is instituted." Nor does the court wish to encourage the premature filing of suits by perhaps triggering the payment of additional interest. There is one course of action which will avoid almost all undesirable effects and which will allow this action to "continue . . . without the delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are." *Id.* The court will require plaintiff to file a new summons in this action. The question of whether a summons may be deemed to have been filed earlier will be decided only if plaintiff prevails and it is necessary to calculate interest. In any case, no summons will be deemed to be filed any earlier than the date on which plaintiff could have brought suit under 28 U.S.C. § 1581(a), in the first instance.

In this case, if the protests of deemed liquidation were valid, a summons might be deemed to have been filed when the first protest denials occurred inasmuch as suit was ongoing at that point and the jurisdictional requirements of 28 U.S.C. § 1581(a) would have been met. If there were no deemed liquidations before the original protests were filed, plaintiff's latest protests were the only valid ones, and the effective denials of protest occurred on July 22, 1986, at which time the prerequisites to jurisdiction were fulfilled. The court has examined the evidence discovered by plaintiff since this court's last opinion in this matter. It reveals an ongoing dialogue between plaintiff and defendant such that the original extensions of time for liquidation cannot be said to have been an abuse of discretion. Thus, there was no deemed liquidation prior to plaintiff's origi-

---

**1.** Under 28 U.S.C. § 2644 interest runs from the time of filing a summons in an action challenging the denial of a protest. Plaintiff did not file a summons with the first amended complaint challenging the protest denials, but was ready to do so. Whether or not the statute would permit interest to be calculated from the date of the first summons or any later, but premature, summons is not decided here. It is decided, however, that § 2644 allows a court to limit the accrual of interest to the period after the date on which the summons could be filed according to the statute. Section 2644 must be interpreted to allow a court to adjust procedures to accomplish the most efficient processing of a particular case to the extent such adjusted procedures do not conflict with Congressional intent. Obviously, the intent of § 2644 is to have interest run from the time a *valid* summons is filed. The result reached here serves that intent.

nal protests.[2] Therefore, for purposes of section 2644, interest, if imposed, may be calculated from a date no earlier than July 22, 1986, the date of the last valid protest denial challenged in this action. Accordingly, the First Amended and Supplemented Complaint is accepted, and the action will be deemed to have been commenced by a new summons filed on the date it is actually filed or on a date no earlier than July 22, 1986. These are the terms the court considers "just."

Following oral argument the court also rendered its decision governing the timing and scope of the answer to be filed. The court indicated that defendant should address the merits of the classification issue. Although a second year had passed without liquidation and without an extension of the time for liquidation, the deemed liquidation which then occurred did not dispose of the litigation. The court adopted note 9 of its earlier opinion in this action. *Detroit Zoological Society v. United States*, 630 F.Supp. at 1355. The court stated there that for purposes of deemed liquidation, an entry is deemed liquidated at the rate of duty set forth in the entry papers, as required by the Customs Service, not at the rate at which the importer indicates to Customs he wishes to enter the merchandise. SO ORDERED.

---

**2.** Apparently, "deemed liquidation" eventually occurred after the one-year extensions expired, but there were no protests of such deemed liqui-

dation before the protests of the physical liquidations.