**CARNIVAL CRUISE LINES, INC., HAL Antillen, N.V., Hal Shipping Ltd., and Wind Surf Limited, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

Slip Op. 94–169.

**Court No. 93–10–00691.**

United States Court of International Trade.

Oct. 21, 1994.

As Corrected Jan. 19, 1995.

Paul, Weiss, Rifkind, Wharton & Garrison, Robert E. Montgomery, Jr., Robert P. Parker, Washington, DC, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, John K. Lapiana, of counsel, Arthur Rettinger, Christopher Chen, U.S. Customs Service, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, Judge.

Plaintiffs paid harbor fees in accordance with Customs' interpretation of the Harbor Maintenance Revenue Act. 26 U.S.C. §§ 4461–62. Plaintiffs claim such payments were in excess of the amounts required by the law and accordingly seek a refund of claimed overpayments. Plaintiff HAL Antillen, N.V. challenges Customs' denial of its protest concerning harbor fees which Customs assessed because of HAL Antillen's alleged underpayment of such fees. Defendant argues that this Court does not have jurisdiction to hear these claims. For the reasons set forth below, the Court finds that it does have jurisdiction to review these claims.

### Background

Plaintiffs Carnival Cruise Lines, Inc., HAL Antillen, N.V., Hal Shipping Ltd., and Wind Surf Limited, (collectively referred to as the "Companies"), operate commercial cruise ships throughout the world. For the period June 1, 1987 to July 31, 1993, the Companies paid harbor maintenance fees to the U.S. Customs Service ("Customs"), under the Harbor Maintenance Revenue Act of 1986 (Title XIV of the Water Resources Development Act) (the "Act"), Pub.L. 99–662, 100 Stat. 4266, codified at 26 U.S.C. §§ 4461–62 (1988). The payments were made on a quarterly basis as required by regulation. 19 C.F.R. § 24.24(e)(4)(ii) (1987). Customs conducted an audit of the operations of plaintiff HAL Antillen, N.V. ("HAL Antillen"), for the period April 1, 1987 to December 31, 1991. *Plaintiffs' First Amended Complaint*, ¶ 18. In April, 1993, HAL Antillen was notified by Customs that it had underpaid its harbor fees for the audit period. *Id.* at ¶ 19. HAL Antillen was subsequently billed by Customs in June, 1993, for $322,311. *Id.* On July 2, 1993, HAL Antillen protested the bill to the District Director of Customs in Seattle Washington. *Id.* Pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22, HAL Antillen requested accelerated disposition of its

protest claim on October 6, 1993. *Id.* at ¶ 20. By way of 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22(d), the protest was deemed denied 30 days later on November 5, 1993. *Id.*

In the interim between the filing and denial of HAL Antillen's protest, the *Companies* filed an action in this Court on October 18, 1993, seeking restitution of payments of harbor maintenance fees they claim have exceeded amounts required by law. *Plaintiffs' Complaint,* ¶ 1. The Companies claim that Customs incorrectly applied the Act by including certain charges in calculating the value for the transportation service on which the harbor fee is based. *Id.* The Companies claim that because Customs incorrectly applied the Act, they paid fees in excess of the amount authorized by law. *Id.* For these alleged overpayments, the Companies seek restitution. *Id.* at ¶ 16.

Plaintiffs amended their complaint, on December 10, 1993, to include HAL Antillen's separate claim contesting Customs' denial of its protest of Customs' assessment of an additional $322,311 in harbor fees. In the amended complaint, HAL Antillen claims Customs' denial of protest and underlying assessment of $322,311 for alleged underpayment were arbitrary and capricious and contrary to law. *Plaintiffs' First Amended Complaint,* ¶ 29.

In bringing this action, the Companies allege that this Court has jurisdiction over their claims under 28 U.S.C. § 1581(i). *Plaintiffs' First Amended Complaint,* ¶ 5. For its denial of protest claim, HAL Antillen asserts that this Court has jurisdiction under 28 U.S.C. § 1581(a). *Id.* The government

moves to dismiss this case for lack of jurisdiction.

### Discussion

The government argues that this Court lacks jurisdiction to hear the first matter because the Companies failed to file administrative protests in a timely manner. Such protests are required by 19 U.S.C. § 1514(a)[1] in order to assert jurisdiction under 28 U.S.C. § 1581(a),[2] which, the government argues, is where the Court's jurisdiction properly lies in this matter. The government argues that since the Companies have not exhausted their administrative remedies under the statute, this Court does not have jurisdiction to hear the Companies complaint. *Defendant's Motion to Dismiss* at 5–7.

For the HAL Antillen claim which *was* first protested under 19 U.S.C. § 1514(a), the government argues that HAL Antillen's action involving said claim was prematurely filed before HAL Antillen's protest was denied, and should therefore be dismissed. *Defendant's Motion to Dismiss* at 11–15.

The Companies argue that there is nothing in the Act or regulations which suggests that protest is necessary before seeking a refund. *Plaintiffs' Opposition to Defendant's Motion to Dismiss* at 12. Moreover, they argue that there was not a single ruling, decision or document issued by Customs from which they could have protested. *Id.* at 12–13. Since there was no decision which could have been protested under 1515(a),[3] they argue, section 1581(a) cannot be the basis of jurisdiction for this Court.

1. Section 1514(a) provides that "... decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—
   (1) the appraised value of merchandise;
   (2) the classification and rate and amount of duties chargeable;
   (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
        *     *     *     *     *     *
   shall be final and conclusive upon all persons ... unless a protest is filed...."
   19 U.S.C. § 1514(a) (1988).

2. Section 1581(a) provides as follows:

(a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.
28 U.S.C. § 1581(a) (1988).

3. Section 1515(a) provides that "... the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and shall allow or deny such protest in whole or in part...."

19 U.S.C. § 1515(a) (1988).

Instead, the Companies argue that this Court has jurisdiction over their restitution claim under 28 U.S.C. § 1581(i).[4] Specifically, the Companies assert that restitution of harbor fees is a matter arising out of the Act concerning revenue from imports or tonnage as set out at 1581(i)(1). In addition, the Companies argue this matter falls under § 1581(i)(2), as tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue. Lastly, the Companies argue that § 1581(i)(4) also applies as it contemplates the administration and enforcement of matters set out at § 1581(i)(1)–(2). *Plaintiffs' First Amended Complaint, ¶ 5, and Plaintiffs' Surreply to Defendant's Motion to Dismiss* at 9–10.

Plaintiff HAL Antillen argues that its separate claim concerning Customs' denial of its protest under section 1581(a) was not filed before its protest was denied, but was added to the Companies' original complaint thirty-five days after the protest was deemed denied under 19 U.S.C. § 1515. Hence, HAL Antillen argues that this Court properly has jurisdiction under 28 U.S.C. § 1581(a), which gives this Court exclusive jurisdiction over actions contesting the denial of protests brought pursuant to 19 U.S.C. § 1515. *Plaintiffs' First Amended Complaint,* ¶ 5, *and Plaintiffs' Opposition to Defendant's Motion to Dismiss* at 24–27.

This case, therefore, presents three issues. First, whether payment of harbor fees on a quarterly basis to Customs per regulation 24.24(e)(4)(ii) is protestable under 19 U.S.C. § 1514(a). Second, whether payment of harbor fees is reviewable by this Court under 28 U.S.C. § 1581(i). Last, whether amending a complaint to include a challenge to a denial of protest after such protest is denied permits this Court review under 28 U.S.C. § 1581(a), when the original complaint was filed before the subject protest was denied.

The Harbor Maintenance Revenue Act imposes a tax on port use based on the value of commercial cargo loaded or unloaded at any port. 26 U.S.C. § 4461(a)–(b).[5] For the purposes of the Act, port use means the loading or unloading of commercial cargo on to or off of a commercial vessel. § 4462(a)(1).[6] Com-

---

4. Section 1581(i) provides, in pertinent part, as follows:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section ... the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

\*　\*　\*　\*　\*　\*

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and (a)–(h) of this section.

\*　\*　\*　\*　\*　\*

28 U.S.C. § 1581(i) (1988).

5. 26 U.S.C. § 4461(a)–(b) provides as follows:

(a) General rule

There is hereby imposed a tax on any port use.

(b) Amount of tax

The amount of the tax imposed by subsection (a) on any port use shall be an amount equal to 0.125 percent of the value of the commercial cargo involved.

26 U.S.C. § 4461(a)–(b) (1988 & Supp. II 1990).

6. The pertinent definitions to the Act are set out as follows:

§ 4462. Definitions and special rules

(a) Definitions

For purposes of this subchapter—

(1) Port use

The term "port use" means—

(A) the loading of commercial cargo on, or

(B) the unloading of commercial cargo from,

a commercial vessel at a port.

\*　\*　\*　\*　\*　\*

(3) Commercial cargo

(A) In general

The term "commercial cargo" means any cargo transported on a commercial vessel, including passengers transported for compensation or hire.

\*　\*　\*　\*　\*　\*

(5) Value

\*　\*　\*　\*　\*　\*

(B) Transportation of passengers

In the case of the transportation of passengers for hire, the term "value" means the actual charge paid for such service or the prevailing charge paid for comparable service if no actual charge is paid.

\*　\*　\*　\*　\*　\*

26 U.S.C. § 4462(a) (1988).

mercial cargo is in turn defined to include passengers transported for compensation or hire. § 4462(a)(3)(A).[7] Value, as it pertains to transportation of passengers, means "the actual charge paid for such service or the prevailing charge for comparable service if no actual charge is paid." § 4462(a)(5)(B).[8] Prior to January 1, 1991, fees were payable at a rate of .04 percent of value as set by statute. § 4461. After January 1, 1991, the rate was increased by statute to .125 percent of value. 26 U.S.C. § 4461 (1988 & Supp. II 1990).

The Secretary of the Treasury is authorized to prescribe regulations for the purpose of carrying out the Act. § 4462(i). Accordingly, the Secretary has promulgated regulations which require cruise liners to pay port use fees when passengers board and disembark. 19 C.F.R. § 24.24(e)(4)(i). Fees are to be paid by cruise operators on a quarterly basis by mailing a check or money order along with a quarterly summary report (currently Customs Form 349). § 24.24(e)(4)(ii). Refunds can be requested by filing a Harbor Maintenance Fee Amended Quarterly Summary Report (Customs Form 350). 19 C.F.R. § 24.24(e)(5) (1994).[9]

The Act provides that "all administrative and enforcement provisions of customs laws and regulations shall apply in respect of the tax imposed ... as if such tax were a customs duty." 26 U.S.C. § 4462(f)(1) (1988). The Act further provides that "[f]or purposes of determining the jurisdiction of any court of the United States or any agency of the United States, the tax imposed by this subchapter shall be treated as if such tax were a customs duty." 26 U.S.C. § 4462(f)(2) (1988).

The government does not dispute that this Court can exercise jurisdiction over the Harbor Maintenance Revenue Act in general. Rather it argues that prior to this Court exercising jurisdiction, plaintiffs must exhaust their administrative remedies. They argue that the Companies failed to exercise the protest remedy available to them under

19 U.S.C. § 1514(a), and therefore cannot invoke review of their claim in this Court. Moreover, they argue that a party cannot invoke the jurisdictional provision of section 1581(i) if section 1581(a) was available to them. *Defendant's Motion to Dismiss* at 9–10.

Section 2637(d) of Title 28 provides that "the Court of International Trade shall, *where appropriate,* require the exhaustion of administrative remedies (emphasis added)." 28 U.S.C. § 2637(d) (1988). Section 1514(a) sets forth the administrative remedy defendant says applies to the Companies' claim. Section 1514(a) makes clear that a party must protest a *decision* of the Customs Service. However, as plaintiffs correctly point out, there was no decision of Customs which the Companies could protest. The Companies simply filed payments with quarterly summary reports as required by regulation. Moreover, while the Companies seek a refund, they do not seek a refund on the basis of a change, error, or omission of the type contemplated by the Amended Quarterly Summary Report described in 19 C.F.R. § 24.24(e)(5). Rather they seek to challenge Customs' interpretation of the statute as it pertains to the charge paid for transportation. Hence, not only is there no decision of Customs from which the Companies may protest, were there such a decision, protesting it would be futile given the remedy the Companies seek. *See Asociacion Columbiana de Exportadores de Flores v. United States,* 916 F.2d 1571, 1575 (Fed.Cir.1990). The remedy which the government points to is, therefore, inappropriate.

Jurisdiction under section 1581(i) is available only when the remedies provided by another subsection of 1581 would be manifestly inadequate. *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir.1987). As discussed, *supra,* the remedy pointed to by the government would not adequately provide for the type of relief plaintiffs seek. Nonetheless, for HAL Antillen to invoke

7. Note 6, *supra.*

8. Note 6, *supra.*

9. This provision first appeared in the Code of Federal Regulations for 1992. Prior to 1992, there was no such provision for refunds of harbor fees of passenger liners. 19 C.F.R. § 24.24(e)(5) (1992).

1581(i), there must be terms within the language of 1581(i) which cover the issues that plaintiff brings before the Court. *See Conoco, Inc. v. U.S. Foreign–Trade Zone Bd.*, 18 F.3d 1581, 1588–89 (Fed.Cir.1994).

■ Section 1581(i)(2) deals with laws providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." While it may appear that all tariffs, duties, fees, *etc.* are for the purpose of raising revenue, the legislative history of the Act indicates otherwise:

> The taxes and fees in this legislation are not for the purpose of raising revenue. Rather, they are to repay costs related directly to the servicing of commerce. These fees and taxes offset services rendered to vessels.

S.Rep. 126, 99th Cong., 2d Sess. 7 (1986), *reprinted in* 1986 U.S.Code Cong. & Ad. News 6639, 6644. While its true that 1581(i)(2), on its face deals with merchandise, the overwhelming subject matter with which this court has jurisdiction deals with merchandise. This should not be interpreted to mean that when Congress designated harbor fees to be treated as customs duties for the purpose of determining jurisdiction of a given court, it meant only to grant jurisdiction over commercial cargo when that phrase means merchandise—to the exclusion of passengers for hire. No, by the plain language of the statute Congress intended for harbor fees to be applied to commercial cargo, whether that term contemplates merchandise or passengers for hire. 26 U.S.C. § 4462(a)(3)(A). Furthermore, Congress intended that such fees be treated as customs duties with all of the attendant administrative, enforcement and judicial processes concerning such duties. 26 U.S.C. §§ 4462(f)(1)–(2). That such processes most often deal with goods and not services is of little moment when applying this Court's jurisdictional provisions to the Harbor Maintenance Revenue Act. The terms of section 1581(i)(2) embrace this Act.

■ Lastly, the government argues that HAL Antillen's claim was filed before plaintiff's protest was deemed denied. The government argues that HAL Antillen's amended complaint does nothing more than separately restate the claims of plaintiffs' original collective complaint, and that HAL Antillen is merely alleging new facts to cure jurisdictional defects in the original complaint. *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss* at 16–17. Accordingly, the government argues that plaintiff's claim should be dismissed and re-filed. *Id.* at 19.

This Court addressed a similar matter in *Detroit Zoological Soc. v. United States*, 10 CIT 654, 647 F.Supp. 147 (1986). In that case, plaintiff wished to amend and supplement its complaint to allege jurisdiction over denials of protests which had occurred after the original complaint was filed. The Court considered the inconvenience of requiring plaintiff to file a new suit and the prejudice to defendant of imposing interest from a date prior to a time plaintiff was able to file suit for denial of protest. The Court concluded that neither of those remedies would create a just result, and allowed plaintiff to supplement its complaint provided that if plaintiff prevailed on its claims, interest would be awarded from the date the new claim was added. *Id.*, 10 CIT at 656–57, 647 F.Supp. at 149–50.

As in *Detroit*, plaintiff HAL Antillen seeks to amend its complaint to include protests which were denied after the original complaint was filed. Plaintiff also seeks to invoke the jurisdiction of this Court under 1581(a) for the first time, in its amended complaint. In this case plaintiff has already filed a separate complaint as a protective measure. *HAL Antillen, N.V. v. United States*, Court No. 94–03–00155. Plaintiff agrees that interest to be awarded from the date of the amended complaint is a proper result. *Plaintiffs' Opposition to Defendant's Motion to Dismiss* at 26–27. As in *Detroit*, this Court concludes that dismissing this claim would be an empty formalism. *See Detroit*, 10 CIT at 656–57, 647 F.Supp. at 149–50.

Lastly, it has come to the attention of the Court that the tax imposed under the Harbor

Maintenance Revenue Act may be unconstitutional in whole or in part. The parties are directed to brief the Court within 75 days on the issue of the constitutionality of this Act.

### *Conclusion*

For the foregoing reasons, this Court concludes that it does have jurisdiction to decide this matter. Defendant's motion for dismissal is denied.

**SO ORDERED.**