Slip Op. 05-132

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| DUFERCO STEEL, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>     Defendant. | Before: Richard W. Goldberg,<br>     Senior Judge<br><br>Court No. 05-00389 |

[Defendant's motion to dismiss granted]

Dated:  October 5, 2005

White & Case (Richard J. Burke and Joanna Ritcey-Donohue) for Plaintiff Duferco Steel, Inc.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director; Stephen C. Tosini, Attorney, Department of Justice, Civil Division, Commercial Litigation Branch, for Defendant United States.

**OPINION**

**GOLDBERG, Senior Judge**: This matter is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to USCIT R. 12(b)(1).  The plaintiff Duferco Steel, Inc. ("Duferco") brought a petition seeking a writ of mandamus to compel certain actions by the U.S. Department of Commerce ("Commerce") and the Bureau of Customs and Border Protection ("Customs").  First, Duferco seeks a writ of mandamus compelling Commerce to instruct Customs to liquidate

and/or reliquidate entries of small diameter carbon and alloy seamless standard, line, and pressure pipe ("SLP") for the review period of February 4, 2000 through July 31, 2001. According to Duferco, the liquidation and/or reliquidation instructions should be without regard to antidumping duties, in accordance with Commerce's final results contained in Certain Small Diameter Carbon and Alloy Seamless Standard, Line, and Pressure Pipe from Romania, Final Results of Antidumping Duty and Administrative Review, 68 Fed. Reg. 12,672 (Dep't Commerce Mar. 17, 2003). In addition, Duferco contends Commerce must instruct Customs to refund, with interest, any antidumping duty deposits to Duferco with respect to Entry Numbers 558-1171537-8 and 558-2014403-2 ("the Entries"). Duferco also seeks an order demanding Customs liquidate and/or reliquidate the Entries without regard to antidumping duties. As relief, Duferco requests that Customs refund, with interest, all antidumping duty deposits, in accordance with 19 U.S.C. § 1675(a)(2)(C).

Defendant does not contest that the Court of International Trade has statutory authority to order relief by granting a petition for a writ of mandamus.[1] See 28 U.S.C.A. § 2643(c)(1)

_____

[1] A writ of mandamus is an extraordinary equitable remedy available only "when performance has been refused and no meaningful alternative remedy exists." Nakajima All Co., Ltd. v. United States, 12 CIT 585, 588, 691 F. Supp. 358, 361 (1988) (quoting UST, Inc. v. United States, 10 CIT 648, 653, 648 F. Supp. 1, 5 (1986), aff'd on other grounds, 831 F.2d 1028 (Fed.

(1999).  Defendant's objection, however, addresses a logically antecedent question: does the Court have jurisdiction to issue a writ of mandamus ordering Commerce and Customs to liquidate and/or reliquidate the Entries despite Duferco's failure to protest the denial of its 19 U.S.C. § 1520(c) reliquidation request?[2]  For the reasons discussed below, the Court finds that it does not possess jurisdiction over Duferco's claim and grants Defendant's motion to dismiss under USCIT R. 12(b)(1).

## I.  Background

On July 22, 2000, Duferco imported two SLP entries from Romanian manufacturer Silcotub.  See Defendant's Motion to

Cir. 1987)).  A petitioner must prove the following elements in order to assert successfully a petition for a writ of mandamus: (1) a clear duty on the part of the defendant to perform the act in question; (2) a clear right on the part of the plaintiff to demand the relief sought; and (3) an absence of an adequate alternative remedy.  See Timken Co. v. United States, 893 F.2d 337, 339 (Fed. Cir. 1990) (citing Meier v. Orr, 754 F.2d 973, 983 (Fed. Cir. 1985); Kerr v. U.S. Dist. Ct. for the N.D. Cal., 426 U.S. 394, 402-03 (1976)); see also Hosiden Corp. v. United States, 18 CIT 748, 749-50, 861 F. Supp. 115, 117 (1994), vacated on other grounds, 85 F.3d 589 (Fed. Cir. 1996).  Because the Court disposes of Duferco's complaint for a jurisdictional defect, the Court does not consider the merits of the mandamus petition, noting, however, the substantial overlap between the test for mandamus and the test for residual jurisdiction under 28 U.S.C. § 1581(i) discussed in detail infra.
[2]  Congress repealed 19 U.S.C. § 1520(c) in December of 2004, and section 1520(c) does not apply to merchandise entered, or withdrawn from warehouse for consumption, on or after December 18, 2004.  See Pub. L. 108-429, title II, §§ 2105-08, Dec. 3, 2004, 118 Stat. 3598.  Since, however, the Entries arrived prior to the repeal, the Court notes that the former section 1520(c) governs these Entries, which were unaffected by the 2004 repeal.

Dismiss ("Def.'s Motion"), Ex. 1.  Customs issued automatic

liquidation instructions for entries subject to the antidumping

duty order for SLP from Romania.  Complaint, at ¶ 15.  The

instructions were to liquidate all Romanian SLP entries except

entries entered by Silcotub.  Id.  The entry forms provided to

Customs by Duferco's customs broker designated Duferco as the

"manufacturer" of the Entries, and as such Customs, consistent

with its own instructions, liquidated the Entries, respectively,

on November 8, 2001 and November 30, 2001.[3]  Def.'s Motion, Ex. 1

at box 21.

On December 9, 2003, Duferco, through its import manager

M.G. Maher & Co. ("M.G. Maher"), subsequently filed a

reliquidation request for each of the Entries pursuant to 19

U.S.C. § 1520(c).  Def.'s Motion, Ex. 3.  On February 13, 2004,

Customs denied the request for exceeding the one year time

period from the date of exaction or the date of liquidation

---

[3]     There is a disagreement between the parties as to the legal
consequence of designating Duferco, and not Silcotub, as the
manufacturer.  Whether Duferco incorrectly entered its name as
manufacturer, or, as Duferco claims, whether Duferco was merely
complying with an industry custom that Customs should have
accommodated, is a difficult question not necessary for the
Court to determine at this stage.  Whatever the cause of the
misapplication of antidumping duties, Duferco could have
challenged the misapplication—without regard to the fault of
either party—under 28 U.S.C. § 1581(a) before invoking residual
jurisdiction.  Because the issue before the Court is a broader
jurisdictional question, the Court need not address the cause or
consequence of the alleged wrongful designation.

within which protests must be filed under that section.[4]  Id.
The M.G. Maher letter requested Customs to consider the date of
exaction to be March 17, 2003—the date Commerce issued its final
results of the antidumping investigation of Silcotub-and not
October 21, 2001, which was the actual date of liquidation of
the Entries.[5]  Id.  Such postdating was warranted, according to
the M.G. Maher letter, on account of Custom's erroneous

---

[4]     Under 19 U.S.C. § 1520(c)(1), Customs "may, in accordance
with regulations prescribed with the Secretary, reliquidate an
entry or reconciliation to correct . . . a clerical error,
mistake of fact, or other inadvertence . . . when the error,
mistake, or inadvertence is brought to the attention of the
Customs Service within one year after the date of liquidation or
exaction . . . ."  19 U.S.C.A. § 1520(c)(1) (1999), repealed by
Pub. L. 108-429, title II, § 2105, Dec. 3, 2004, 118 Stat. 3598.
[5]     The pleadings and accompanying exhibits use both the terms
"date of liquidation" and "date of exaction" such that an
explanatory note may be in order, though the Court is mindful
that it need not address the merits of the section 1520(c)
denial.  The date of exaction refers to the date of payment of
the duties.  See United States Shoe Corp. v. United States, 114
F.3d 1564, 1569 (Fed. Cir. 1997).  The M.G. Maher letter
requests that Customs postdate the "date of exaction," but the
statute itself bars protests brought to the attention of Customs
"within one year after the date of liquidation or exaction."  19
U.S.C.A. § 1520(c)(1) (1999) (emphasis added).  Since
liquidation indisputably occurred in November 2001, the M.G.
Maher letter appeared to focus on exaction because Duferco knew
it would be impossible to argue liquidation occurred at a later
date.  Complicating the matter, however, the Customs section
1520(c)(1) denial form communicated to Duferco that its
reliquidation request was untimely because it was not received
within the one-year period following liquidation.  See Def.'s
Motion, Ex. 3.  It is unclear from the record why Duferco
believed that the "date of exaction" occurred later than the
date of liquidation.  For the moment, however, it is enough to
appreciate the nature of the postdating argument in the context
of a reliquidation request, without examining the difficult
factual question of when exaction actually occurred.

liquidation of the goods.  Id.  Following the denial of the 19 U.S.C. § 1520(c) protests, Duferco filed its petition for a writ of mandamus on June 15, 2005.  On August 5, 2005, Defendant filed its motion to dismiss for lack of subject matter jurisdiction.

## II.  Standard of Review

Once a defendant moves to dismiss an action under USCIT R. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff has the burden of proving that assertion of jurisdiction is proper.  See United States v. Gold Mountain Coffee, Ltd., 8 CIT 247, 248-49, 597 F. Supp. 510, 513 (1984).  The Court must limit its inquiry to the jurisdictional question, and avoid examining the merits of a case.  See Syva Co. v. United States, 12 CIT 199, 201, 681 F. Supp. 885, 887 (1988) (citing Feudor, Inc. v. United States, 79 Cust. Ct. 179, 442 F. Supp. 544 (1977)).

## III.  Discussion

28 U.S.C. § 1581 sets forth the jurisdiction of the Court of International Trade.  Subsections (a) through (h) of 28 U.S.C. § 1581 grant the court jurisdiction over specific types of disputes that commonly arise before the Court.  Subsection

(i)—the so-called "residual" grant of jurisdiction[6]—is a general grant of jurisdiction for any civil action against the United States, its agencies, or its officers, that arises out of any law of the United States providing for, inter alia, "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue . . . [or the] administration and enforcement with respect to the matters referred to in [section 1581]."  The issue before the Court is the interaction of the residual grant with the rest of section 1581, and specifically whether there is a "remedy exhaustion" requirement implicit in section 1581(i)'s residual grant.

Duferco contends that the Court has jurisdiction under 28 U.S.C. § 1581(i) to hear its petition for mandamus relief from the agency's denial of its section 1520(c) reliquidation request, despite Duferco's failure to invoke section 1581(a) and the appropriate administrative review procedures.  According to Duferco, Defendant misunderstands the nature of its petition, and "has submitted a motion to dismiss a claim Duferco did not make . . . ."  Plaintiff's Response in Opposition to Def.'s Motion, at 4.  Plaintiff also points out that "28 U.S.C.

_____

[6]  Section 1581(i) has been referred to as the Court of International Trade's "residual," or "catch-all" grant of jurisdiction.  See Star Sales & Distrib. Corp. v. United States, 10 CIT 709, 711-12, 663 F. Supp. 1127, 1129-30 (1987); American Air Parcel Forwarding Co., Ltd. v. United States, 5 CIT 8, 10, 557 F. Supp. 605, 607 (1983).

§ 1581(a) is not nor could have been available." Id.  In

essence, Plaintiff argues that the Court cannot consider a

litigant's seeking redress under section 1581(a) as a

precondition for a successful section 1581(i) claim because the

latter claim does not implicate the former.  Such a position

flies in the face of clear precedent that binds this Court.

By its terms, the 28 U.S.C. § 1581(i) gives the court

exclusive jurisdiction over

> any civil action commenced against the United States,
> its agencies, or its officers, that arises out of any
> law of the United States providing for—
>     (1) revenue from imports or tonnage;
>     (2) tariffs, duties, fees, or other taxes on the
>     importation of merchandise for reasons other than
>     the raising of revenue;
>     (3) embargoes or other quantitative restrictions
>     on the importation of merchandise for reasons
>     other than the protection of the public health or
>     safety; or
>     (4) administration and enforcement with respect
>     to the matters referred to in paragraphs (1)-(3)
>     of this subsection and subsections (a)-(h) of
>     this section.

The breadth of the residual jurisdiction could, if not

interpreted restrictively, threaten to strip subsections (a)

through (h) of any operative force.  Courts, cognizant of this

interpretive difficulty, have decided that a plaintiff may

successfully seek redress under section 1581(i)'s residual

jurisdiction only after exhausting its remedies under

subsections (a) through (h) of that section.  Section 1581(i) is

a litigant's port of last resort.  If a plaintiff can access the

Court of International Trade through section 1581(a)—or any other means short of invoking section 1581(i)—"it must avail itself of [that] avenue of approach, complying with all the relevant prerequisites thereto. It cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i) . . . ." American Air Parcel, 5 CIT at 10, 557 F. Supp at 607.

Moreover, a plaintiff must exhaust administrative remedies before resorting to residual jurisdiction. See 28 U.S.C.A. § 2637 (1999) ("[T]he Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies."); Consol. Bearings Co. v. United States, 348 F.3d 997, 1003 (Fed. Cir. 2003).

The only circumstance wherein a plaintiff may successfully assert a claim under section 1581(i) before invoking an alternative and available method of redress is when such redress is "manifestly inadequate." Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992); Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987); Carnival Cruise Lines, Inc. v. United States, 18 CIT 1020, 1025, 866 F. Supp. 1437, 1441-42 (1994); Carnation Enterprises Pvt., Ltd. v. U.S. Dept. of Commerce, 13 CIT 604, 607, 719 F. Supp. 1084, 1087 (1989).

In order to hurdle the exhaustion bar, a remedy must be inadequate both prospectively and retrospectively. It is not

enough for a plaintiff to allege that section 1581(a) is an inadequate means, <u>at the time it invokes section 1581(i)</u>, to protect plaintiff's rights.  A plaintiff waives its right to invoke section 1581(i)'s "manifest inadequacy" safe harbor if jurisdiction under another subsection of section 1581 could have been available but no longer is available.

In <u>Star Sales</u>, the plaintiff argued in the alternative that should the court find that it did not have jurisdiction under 1581(a), "the Court should find residual jurisdiction for its action under section 1581(i)" because then the section 1581(a) "avenue [would] no longer [be] available [to plaintiff]." <u>Star Sales</u>, 10 CIT at 712, 663 F. Supp. at 1130.  The court rejected plaintiff's position unambiguously: "In making a determination of whether a particular remedy is manifestly inadequate . . . the Court must consider whether <u>if properly utilized at the time</u> such remedy or procedure adequately would serve a remedial function.  That plaintiff failed to utilize the adequate and effective procedure originally available to it under section 1581(a) does not render such remedial procedure manifestly inadequate." <u>Id.</u> (emphasis added).  An earlier failure to avail itself of an available action under 28 U.S.C. § 1581 will estop a plaintiff from subsequently invoking 28 U.S.C. § 1581(i).

Such is the situation in this case.  As discussed <u>supra</u>, Duferco argues that Customs' alleged error justifies postdating

the exaction date so as to allow full consideration of the reliquidation request under 19 U.S.C. § 1520(c).  Such an argument may have merit, but the time to litigate it has passed.

According to 28 U.S.C. 1581(a), "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Section 515 of the Tariff Act of 1930, codified in 19 U.S.C. § 1515, outlines the procedures for Customs to review, inter alia, the denial of reliquidation request under 19 U.S.C. § 1520(c).  Section 1515 requires an aggrieved party to register a protest under section 1514 as a prerequisite to filing a complaint invoking 1581(a) jurisdiction.  See Mitsubishi Elec. Am. v. United States, 44 F.3d 973, 976 (Fed. Cir. 1994); see also 28 U.S.C.A. § 2637 (1999).  Because a complaint relating to the "refusal to reliquidate an entry under section 1520(c)" is enumerated in section 1514(a), an aggrieved plaintiff must seek redress from that administrative remedy, and register a formal protest under 19 U.S.C. §§ 1514-15, prior to resorting to 28 U.S.C. § 1581.

When Customs refuses to reliquidate, such decision is "final and conclusive upon all persons . . . unless a protest is filed in accordance with [section 1514], or unless a civil action contesting the denial of a protest, in whole or in part,

is commenced in the United States Court of International Trade."
19 U.S.C.A. § 1514(a) (1999).  If Duferco had filed a protest
under section 1514, and if the Customs review under section 1515
denied the protest, then Duferco could have sought substantive
judicial review, under 28 U.S.C. § 1581(a), of its argument that
postdating is appropriate to prevent section 1520(c)'s statute
of limitations from barring its reliquidation request.  The
petition for a writ of mandamus is a tardy request for relief
that Duferco could have received in two different settings:
first, a Customs protest review under 19 U.S.C. §§ 1514-15; and
second (should the protest have been denied), a 28 U.S.C.
§ 1581(a) review of the denial of the protest in this Court.

Because Duferco could have challenged Customs' denial of
its protest earlier by filing a formal protest or invoking the
Court's jurisdiction under 28 U.S.C. § 1581(a), an alternative
remedy was <u>available</u>.  In addition to availability, the remedy
would have been <u>adequate</u> to cause the Court to consider the
merits of Duferco's argument that Customs should have postdated
the exaction date for purposes of the reliquidation request.
When Congress has provided a specific and detailed framework for
parties to challenge Customs' actions under 28 U.S.C. § 1581, it
is inappropriate for this Court to permit plaintiffs to
circumvent those procedures by invoking section 1581(i).

### IV.  Conclusion

In light of the foregoing, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.  Judgment shall be entered accordingly.


                                        /s/ Richard W. Goldberg

                                        Senior Judge Richard W. Goldberg

Date:    October 5, 2005
         New York, NY